UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT FUTRELL, )<br>)<br>      Petitioner, )<br>v. )<br>)<br>KEITH BUTTS, )<br>)<br>      Respondent. ) | No. 1:11-cv-898-SEB-DKL |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Robert Futrell was convicted in 2002 in an Indiana state court of Class A felony robbery, Class B felony battery, and Class C felony carrying a handgun without a license. His convictions were affirmed on appeal in *Futrell v. State*, No. 49A02-0209-CR-00727 (Ind.Ct.App. June 19, 2003). Claiming that his convictions are tainted by constitutional error, Futrell seeks a writ of habeas corpus.

For the reasons explained in this Entry, Futrell's petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue**.**

**I.**

**A.**

In an attempt to Αcurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

Subject to exceptions not applicable here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n. 6 (1987).

**B.**

Futrell's conviction became final on September 11, 2003. This was 30 days from the date that the Indiana Court of Appeals denied his petition for rehearing on direct appeal. A properly filed petition for post-conviction relief was pending in the Indiana courts from March 5, 2004, through February 19, 2008. During this time, the statute of limitations was tolled. See 28 U.S.C. ' 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). The statute began to run the following day, February 20, 2008.

Futrell's habeas petition was filed with the clerk on July 1, 2011. Futrell signed his petition on June 30, 2011. It can be considered to have been filed on the date he signed the petition. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999).

The foregoing circumstances show the following: First, Futrell filed his petition for post-conviction relief with 189 days remaining of the one-year period to timely file a federal habeas petition. Second, with the running of the statute having resumed on February 20, 2008, the statute of limitations expired 189 days later, which was on August 27, 2008. Third, the federal habeas petition filed on June 30, 2011, was filed nearly three (3) years after the applicable statute of limitations had expired.

**C.**

A[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court.@ *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Futrell has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 Proceedings, and 28 U.S.C. ' 2253(c), the court finds that Futrell has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  09/15/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana